IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY EDWARD OLIVER, | : | |
| *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERIC TICE et al., | : | No. 16-677 |
| *Respondents*. | : | |

### O R D E R

**AND NOW**, this 26th day of February, 2019, upon consideration of Petitioner Anthony Edward Oliver's Petition for Writ of *Habeas Corpus*[1] and accompanying Memorandum (Doc. Nos. 1 and 1-2), Respondents' response thereto (Doc. No. 33), U.S. Magistrate Judge David R. Strawbridge's Report & Recommendation (Doc. No. 35), Petitioner's Objections (Doc. No. 43), and the state court record, it is **ORDERED** that:

1. The Report & Recommendation (Doc. No. 35) is **APPROVED** and **ADOPTED**.

2. Petitioner's Objections are **OVERRULED**.[2]

---

[1] This is Mr. Oliver's second petition for a writ of *habeas corpus* before this Court. Mr. Oliver also challenged a separate conviction in the Philadelphia Court of Common Pleas (Criminal Docket Number CP-51-CR-0011211-2011) on substantially similar grounds. *See Oliver v. Eckard et al.*, Civ. No. 15-64, Petition for Writ of *Habeas Corpus* (Doc. No. 1). This Court dismissed that petition for being untimely.

[2] Mr. Oliver objects to Magistrate Judge Strawbridge's Report and Recommendation on three grounds: (1) whether Mr. Oliver was entitled to consular notice as a British citizen, (2) whether Mr. Oliver received ineffective assistance of counsel in advance of his guilty plea, and (3) whether the imposition of educational and behavioral courses as requirements for parole violated Mr. Oliver's plea agreement. Mr. Oliver does not appear to have any objections to Magistrate Judge Strawbridge's conclusion that Mr. Oliver cannot sustain a claim for ineffective assistance of PCRA counsel. Magistrate Judge Strawbridge thoroughly addressed each of Mr. Oliver's arguments and correctly concluded that each was without merit. The Court briefly addresses each of Mr. Oliver's objections.

 First, Mr. Oliver contends that, as a citizen of the United Kingdom, he was entitled to mandatory consular notification of his arrest. *See* STATE DEPARTMENT, *Countries and Jurisdictions with Mandatory Notifications*, *avail. at* https://travel.state.gov/content/travel/en/consularnotification/QuarantinedForeignNationals/countries-and-jurisdictions-with-mandatory-notifications.html (last visited February 25, 2019). However, when he was first arrested, Mr. Oliver indicated that he was a *United States'* citizen and did not respond to a question asking whether he wanted to call a Consulate. *See* State Ct. Record, Doc. No. 13-34, at p. 4. Indeed, Mr. Oliver did not raise the issue of his citizenship

1

3. The Petition is **DISMISSED** with prejudice.

4. There is no probable cause to issue a certificate of appealability.[3]

5. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

until a year after his February 2012 conviction when he sought to withdraw his guilty plea in February 2013. As outlined by the Superior Court and Magistrate Judge Strawbridge, Mr. Oliver waived this issue by failing to raise it in a timely manner in accordance with Pennsylvania state procedures. *See Breard v. Greene*, 523 U.S. 371, 375–76 (1998) (per curiam) (concluding that a petitioner who failed to exercise his rights under the Vienna Convention in state court could not later "raise a claim of violation of those rights now on federal habeas review"); 42 Pa. Cons. Stat. §§ 9543(a)(3), 9544.

Second, Mr. Oliver argues that Magistrate Judge Strawbridge failed to address his arguments regarding his ineffective assistance of counsel claim as to his plea counsel. Magistrate Judge Strawbridge thoroughly considered those arguments and concluded that Mr. Oliver's "broad ineffectiveness claim" was "defaulted and cannot provide a basis for relief." Report & Recommendation, at p. 14 (Doc. No. 35). Even though the claim is defaulted, Magistrate Judge Strawbridge also concluded, in a footnote, that the ineffectiveness claim would not survive on the merits because Mr. Oliver was clearly informed that he could be deported if he was not a U.S. citizen and Mr. Oliver admitted facts to satisfy the elements of the one offense to which he pled guilty, theft by deception. *Id.*, at pp. 14–15 n.7.

Third, Mr. Oliver objects to the "imposition of additional sentencing conditions" not contained in the terms of his plea agreement. Objections, at p. 14 (Doc. No. 43). In short, Mr. Oliver believes that the Commonwealth breached the terms of the plea agreement by requiring him to participate in educational and behavioral programs before he was eligible for parole. Mr. Oliver misunderstands the Report and Recommendation to state that he failed to exhaust state court remedies on this claim. *See id.* ("Judge Strawbridge's reliance on exhaustion doctrine is inappropriate where Petitioner's underlying claim of an illegal sentence—predicated upon government breach of plea agreement—is a jurisdictional issue that cannot be waived, and is subject to plain error review."). Instead, the Report and Recommendation correctly concludes that Mr. Oliver's plea was still voluntary even if he did not know about these "additional" requirements. Mr. Oliver has not established that his plea was "not knowing, intelligent, and voluntary" as a result of these allegedly new parole terms. Report & Recommendation, at p. 19.

Therefore, for the reasons ably outlined by Magistrate Judge Strawbridge in his Report and Recommendation, the Petition must be denied.

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). There is no probable cause to issue a certificate in this action.